O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELTON LYDELL SEALS, | ) | NO. CV 10-00467-ODW (MAN) |
| Petitioner, | ) | |
| v. | ) | ORDER: DISMISSING PETITION |
| CALIFORNIA DEPT. CORR. REH., | ) | WITHOUT PREJUDICE; AND DENYING |
| Respondent. | ) | CERTIFICATE OF APPEALABILITY |

On January 22, 2010, Petitioner, a California state prisoner, filed a habeas petition in this Court pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition alleges a single claim. Petitioner asserts that there was an unidentified "March 2008 federal law change regarding rock cocaine disparity in sentences," and he is entitled to receive the benefit of that "federal law change." (Petition at 5.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, Petitioner's allegations, under oath,

establish that his claim is unexhausted.[1]  Therefore, the Petition must be dismissed without prejudice.

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented.  28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005)("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies.").  "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims *before* these claims are presented to the federal courts." O'Sullivan v. Boeckerl, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999)(emphasis added); *see also* Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004)(in order to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).  A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court.  *See id.* at 29, 124 S. Ct. at 1349 (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

---

[1]  The Court may raise exhaustion problems *sua sponte*. Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); *see also* Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 1675-76 (1987).

In the section of the Petition form requiring petitioners to identify whether they have raised their claim in a petition for review or habeas petition in the California Supreme Court, Petitioner answered "No." Petitioner also answered "No" when asked if he raised this claim on direct appeal in the California Court of Appeal. (Petition at 5.) In the section of the Petition form requiring petitioners to explain why a claim has not been presented to the California Supreme Court, Petitioner stated that he filed a petition in the trial court on September 2, 2009, which he apparently believes is pending. (Petition at 7; *see also id.* at 4.) In the section of the Petition form requiring petitioners to identify any pending state habeas proceedings, Petitioner identified only his trial court habeas petition filed on September 2, 2009. (Petition at 8.) Petitioner's allegations have been made under penalty of perjury. (*Id.*)

Based on his sworn allegations, Petitioner has not given the state high court a chance to rule on his sentencing claim alleged in the Petition and, thus, has failed to exhaust his available state court remedies. Accordingly, the Petition must be dismissed without prejudice. Rose, 455 U.S. at 522, 102 S. Ct. at 1205. If Petitioner does properly exhaust his claim by fairly presenting it to the California Supreme Court, he may file, following that court's ruling, a *new* habeas petition in this Court.[2]

---

[2] Because the Petition is fully unexhausted, the stay-and-abeyance procedure may not be invoked in this case, and dismissal is required. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

The Court advises Petitioner that he must be mindful of the **one-year statute of limitations for bringing federal habeas actions**. *See* 28 U.S.C. § 2254(d)(1). In view of the one-year limitations period,

For the foregoing reasons, IT IS ORDERED that: the Petition is dismissed without prejudice; and Judgment shall be entered dismissing this action without prejudice for failure to exhaust available state remedies.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted and, thus, is DENIED.

IT IS SO ORDERED.

DATED: <u>February 1, 2010</u>.

                                             OTIS D. WRIGHT, II
                                   UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

**Petitioner is cautioned that he should proceed with diligence** in his exhaustion efforts and in returning to federal court, should he wish to pursue federal habeas relief. **He further is advised that: the filing and pendency of this Petition does not toll the one-year limitations period, which continues to run; and any subsequent federal habeas petition he may file will be a new and separate habeas petition, which will <u>not</u> relate back to the filing date of the current Petition.** The Court expresses no opinion on whether this Petition is timely or not, or whether any subsequent federal petition filed by Petitioner will be timely or time-barred.